UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GUIDEONE SPECIALTY MUTUAL INSURANCE, | )<br>)<br>) |
| Plaintiff, | ) Case No. 6:23-cv-03211-MDH<br>) |
| v. | ) **JURY TRIAL DEMANDED**<br>) |
| EVANGEL TEMPLE ASSEMBLY OF GOD OF SPRINGFIELD, MISSOURI, INC., | )<br>)<br>) |
| Defendant. | ) |

## **EVANGEL TEMPLE OF ASSEMBLY OF GOD OF SPRINGFIELD, MISSOURI, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

## **ANSWER**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Deny.

6. Admit.

7. Admit.

8. Deny.

9. Admit.

10. Admit.

11. Defendant admits that it submitted a claim under the Policy for storm damage to some of the subject properties but denies that it submitted a claim on all the subject properties.

12. Defendant admits payment of $44,713.99 but denies all other allegations.

13. Denied.

14. Adnit.

15. Admit.

16. Defendant admits that its claim is partially based on an estimate prepared by Thompson Roofing & Reconstruction, Inc.

17. Defendant admits it produced Dough Hoel at the Examination Under Oath on September 9, 2022, and denies all other allegations.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff through its actions and inactions, including but not limited to partial payment, has waived or is estopped from demanding compliance with the conditions of the policy claimed to have been breached.

2. Plaintiff has not been prejudiced by any of the claimed breaches of the policy.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint for Declaratory Judgment, grant Defendant its costs herein expended, and grant any further relief the Court deems just and proper.

## COUNTER-CLAIM

Comes now Defendant Evangel Temple Assembly of God of Springfield, Missouri, Inc., by and through undersigned counsel, and for its Counterclaim, states as follows:

1. Defendant incorporates by reference herein, as if fully set forth herein, Paragraphs 1, 2, 9, 10 set forth in Plaintiff's Complaint as well as Exhibit 1, which is the policy of insurance under which Defendant is making a claim.

2. Defendant sustained covered loss/damage to its covered property from a storm on or about May 4, 2020.

3. Defendant made a claim for loss and damage under Policy Number 00-1449-689 ("Policy").

4. Defendant complied with all conditions precedent under the Policy, including the submission of a sworn proof of loss, providing an examination under oath, and producing documents.

5. Plaintiff, while making a partial payment to Defendant, has failed and refused to pay Defendant the full amount due under the Policy, and as a result, has breached the Policy, resulting in loss in excess of $1,000,000.00.

6. Plaintiff's failure and refusal to pay is without reasonable cause of excuse. As such, in addition to the additional amount due under the Policy, Defendant is entitled to receive damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee. RSMo. §

375.296; RSMo. § 375.420. Acts or omissions evidencing such vexatious behavior include but are not limited to: a) Plaintiff misrepresenting to defendant relevant facts and Policy provisions relating to coverages at issue. RSMo §375.1007 (1); b) Plaintiff failed to acknowledge with reasonable promptness pertinent communications with respect to the claim presented by defendant. RSMo §375.1007 (2); c) Plaintiff failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies. RSMo §375.1007 (3); d) Plaintiff failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of this claim after liability had become reasonably clear. RSMo §375.1007 (4); e) Plaintiff refused to pay this claim without conducting a reasonable investigation. RSMo §375.1007 (6); f) Plaintiff failed to deny coverage of this claim within a reasonable time after proof of loss statements were completed and communicated to Plaintiff. RSMo §375.1007 (7); g) Plaintiff failed to promptly provide a reasonable and accurate explanation of the basis for the denial of Defendant's claim, and instead sued its own insured and among other misrepresentations, accused the insured, of fraud. RSMo §375.1007 (12); h) Plaintiff failed to provide defendant with a written denial letter, which should have been maintained in Plaintiff's claim file, referencing each provision, condition and exclusion relied upon on reaching its denial. 20 CSR 100-1.050. (1) (A); i) Plaintiff failed to notify defendant every 45 days by letter setting forth reasons its investigation remained incomplete and setting forth the reasons for additional time need to reach resolution. 20 CSR 100-1.050. (1) (C); j) Plaintiff failed to complete the investigation of this claim within 30 days although the investigation could have been reasonably completed within this time. 20 CSR 100-1.050. (4); k) Plaintiff invoked policy conditions after having already made payment in order to delay or avoid payment of the claim and attempt to discover reasons for non-payment; Plaintiff continued to demand production of a corporate

witness with presumed knowledge while knowing that the witness was no longer employed by or under the control of the defendant, and denying the claim for failing to produce said witness; Plaintiff misrepresented in its Complaint, filed in Federal Court against its own insured, that the insured failed to comply with conditions of the policy, that its own insured has concealed or misrepresented material facts concerning *"the facts and circumstances surrounding the claimed loss, the condition of the subject properties, the extent of the damages, and the amount of the claim presented…"* , and claimed other concealments and misrepresentations, though on which no topics or subjects are identified; Plaintiff misrepresented in its Complaint, filed in Federal Court against its own insured, that the insured failed to cooperate, when in fact Defendant cooperated to the extent possible, and Plaintiff further claimed prejudice due to alleged non-cooperation, but failed to explain in what way prejudice had arisen; Plaintiff misrepresented in its Complaint, filed in Federal Court against its own insured, the applicability of various exclusions raised, including but not limited to whether such exclusions are or are not subject to concurrent causation language; Plaintiff, in its Complaint filed in Federal Court against its own insured, in an effort to avoid payment of the full value of the claim, purports to opine it has a legal right to recover from Defendant the partial payment it paid in respect to Plaintiff's damages, and without any legal basis is seeking its "*costs and expenses of claim response, investigation, adjusting, evaluating and attorney's fees*; Although Plaintiff has pled in open Court that Defendant's claim is fraudulent, upon information and belief, Plaintiff has failed to comply with Missouri Law which makes it mandatory that upon suspicion of fraud, the insurance company "*shall*" report such matter to the Missouri Department of Commerce and Insurance; Upon receipt of a letter advising counsel for Plaintiff it was trying to cooperate, rather than work with Defendant, or

conduct its own investigation, Plaintiff authorized its counsel to file suit and claim its insured submitted a fraudulent claim and breached the Policy.

7. Defendant is also entitled to prejudgment interest under RSMo. 408.020 at the statutory rate, upon entry of the judgment from the date the sworn proof of loss was submitted until judgment.

WHEREFORE, Defendant prays this Court enter judgment in its favor for those amounts due under the Policy, damages for vexatious refusal to pay, pre-judgment interest, and any other relief the Court deems just and proper.

Respectfully submitted,

**WATTERS, WOLF, BUB & HANSMANN, LLC**

<u>/s/ Robert L. Brady</u>
Russell F. Watters, #25758
Robert L. Brady, #47522
600 Kellwood Pkwy, Suite 120
St. Louis, MO 63017
(636) 798-0570
(636) 798-0693 – Fax
rwatters@wwbhlaw.com
rbrady@wwbhlaw.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

The foregoing was served via the Court's Electronic Filing System upon all attorneys of record on this 8th day of September, 2023.

Robert W. Cockerham
Cockerham & Associates, LLC
10803 Olive Blvd
St. Louis, MO 63141
rcockerham@cockerhamlaw.com
*Attorney for Plaintiff*